IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID LAWRENCE POOLE, #160727, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-270-WHA |
| ) | (WO) |
| ) | |
| ALABAMA ATTORNEY GENERAL – ) | |
| STEVE MARSHALL, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by David Lawrence Poole ("Poole"), a state inmate currently serving a consecutive life sentence on a conviction for production of obscene matter imposed upon him in 1990 by the Circuit Court of DeKalb County, Alabama, a sentence with three attendant consecutive life sentences for three additional convictions for production of obscene matter imposed upon him by the same state court. Doc. 1 at 3–4. The trial court sentenced Poole as a habitual felony offender pursuant to the provisions of the Alabama Habitual Felony Offender Act, Ala. Code § 13A-5-9, et seq. In this complaint, Poole challenges the constitutionality of the consecutive life sentences which provide the basis for his current incarceration. Doc. 1 at 3–7. Poole seeks a more lenient term of incarceration through a reduction in the consecutive terms of his sentences. Doc. 1 at 7.

Upon thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

Poole challenges the constitutionality of the consecutive life sentences imposed upon him as violative of due process and equal protection. Doc 1 at 5. Specifically, Poole alleges the imposition of four consecutive life sentences contradicts the doctrine of leniency, constitutes excessive punishment, is inherently unfair and results from arbitrary and capricious actions by the trial court. Doc. 1 at 3. In support of these allegations, Poole argues that the state court's entry of four consecutive life sentences is excessive punishment and repugnant to fairness because it effectively results in a sentence of life without parole whereby he will eventually die in prison. Doc. 1 at 5. Poole further maintains the Alabama Habitual Felony Offender Act under which he was sentenced "is contrary to the doctrine of 'lenity' because it allows state court judges extreme room" to act with bias and prejudice in arbitrarily and capriciously enhancing punishment on sex offenders resulting in more harsh sentences for sex offenses than those imposed for robbery, murder and other serious crimes. Doc. 1 at 5. Poole next argues that his consecutive life sentences "operate[] unconstitutionally 'unfairly' by 'unequal treatment' inapposite to all other statutory

---

[1] This court granted Poole leave to proceed *in forma pauperis* in this case. Doc. 3. Thus, the court is obligated to screen the complaint for possible summary dismissal under 28 U.S.C. § 1915(e)(2)(B). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

enforced crimes by the 'A.G.' because; Poole was charged and punished for 'video images', in contrast, had he been punished for 'actual rape' with physical injury he would have received no more than the same sentence[.]" Doc. 1 at 6.  Finally, Poole contends that his consecutive life sentences are illegal as they arise from political concerns related to crimes deemed civilly reprehensible.  Doc. 1 at 6.

The claims for relief presented in the instant complaint go to the fundamental legality of Poole's consecutive life sentences on which he is now incarcerated.  In accordance with well-established law, Poole is entitled to no relief on these claims in this case.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging

his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

The law clearly directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a prisoner challenging the constitutionality of his incarceration on a sentence of a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the conviction [or sentence] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court has emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state

4

prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S. Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original).

Under the circumstances of this case, *Heck* and its progeny bar Poole's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of the consecutive life sentences which form the basis of his current incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Poole challenging the fact or duration of his incarceration are not cognizable in this civil action as they provide no basis for relief at this time and, thus, are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).[2]

---

[2] Poole is advised that any habeas petition he files is subject to the procedural limitations imposed upon such petitions, in particular, the one-year limitation period and the successive petition bar. *See* 28 U.S.C. § 2254(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application [and the appellate court must authorize such filing].").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims attacking the fact or duration of his incarceration on the consecutive life sentences imposed for his possession of obscene matter convictions entered against him in 1990 by the Circuit Court of DeKalb County, Alabama be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief in the instant cause of action.

2.  This case be dismissed without prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

On or before **May 18, 2020**, the plaintiff may file objections to this Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal

in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 1st day of May, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE